CASE 16—ACTION TO ENFORCE BUILDING AND LOAN MORT-
GAGE—MARCH 14.

## Peoples' Saving & Building Association v. Denton.

APPEAL FROM HENDERSON CIRCUIT COURT.

BUILDING AND LOAN ASSOCIATIONS—EXPENSES.—Where a going build-
ing and loan association, in a contest for the enforcement of a
borrowing member's mortgage, makes it appear with reasonable
certainty that the profits or dividends distributable to a bor-
rowing member's stock are not sufficient to cover his proportion-
ate share of expenses, and losses in running the business, it may
recover of such borrower his proportion of such expenses and
losses; but in estimating such losses it must appear that
they do not include losses incurred in having to repay usury
to its borrowing members.

E. G. SEBREE, JR., FOR APPELLANT.

A building and loan association has a right to charge its
members fines for failure to comply with its by-laws, and rea-
sonable sums as expense dues for maintaining and carrying
on the business. Ky. Stats., sec. 867; Herbert, &c., v. Kenton
Bldg. & L. Assn. of Covington, 11 Bush, 304; Henderson Bldg.
& L. Assn. v. Johnson, 88 Ky., 197; Rogers, Recr., v. Rains, 18

People's Saving and Building Association v. Denton.

Ky. Law Rep., 771; Endlich on Bldg. & L. Assns., p. 530; Simpson v. Ky. Citizens' Bldg. Assn., 41 S. W. R., 571.

SAME COUNSEL FOR THE APPELLANT IN A PETITION FOR A REHEARING.

Additional citation:    Reddick v. U. S. Bldg. & L. Assn., 49 S. W., 1075.

(No brief on file for the appellee.)

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In March, 1888, appellee borrowed from appellant, a building and loan association, the sum of $600; and, after paying divers sums, was adjudged, at the suit of the association, to owe a balance on his indebtedness of $145.47, as of May 25, 1897.   A judgment of sale to satisfy this sum was accordingly entered, and the question of further indebtedness was reserved by the lower court for future decision.   Subsequently the plaintiff filed what is termed a "second amended petition," and in this the terms of the contract of loan were, in effect, ignored or abandoned, and the account of the appellee, beginning at the date of his loan, and embracing all his payments, of whatever character, is so recast as to show a balance due the association of $290, less the sum of $145.47, for which judgment has already been entered.   The appellant's plan of thus recasting the account consists in charging appellee with the amount of his loan, with legal interest until the end of a year.   Then the payments made during the year, with interest thereon for the average time, are ascertained and lessened by what is termed "expense rate per share."   This last result, taken from the principal and interest, gives a new principal; and so on for each year. On final hearing the court held that its former judgment gave all the relief to which the plaintiff was entitled, and dismissed the action.   The association appeals, and brings

up only the record of the proceedings below after the filing of its second amended petition.

We are to assume that the court below, on a proper state of pleading, gave judgment for the plaintiff's debt, with legal interest, less all payments made by him, whether as dues, interest or premium. And this principle seems not to be combatted, as far as it goes; but it is contended by the association that the court refused to render judgment for any fines against the delinquent member, or any expenses or losses incurred by it whilst he was a member.

As to the fines, there is nothing to show what was done with respect thereto by the court below, and we need not consider this subject further.

On the other branch of the case an interesting question is presented. It has been said by this court in several of the cases that a member of these associations is liable for his *pro rata* share of the expenses of maintaining the organization, notwithstanding which no association has ever sought directly a recovery against its delinquent member on account of his liability on this behalf, except incidentally in the Eckler case (recently decided), [50 S. W., 50], and in the present case. It may be that in such cases, if an exhibit were made on the one hand of the member's share of profits in the partnership, and on the other of his share of expenses and losses, there would be nothing coming to the association on the account. This assumption, however, may be erroneous. If so, and it can be made to appear that the profits or dividends dis- tributable to a delinquent borrowing member's stock are not sufficient to cover his proportionate share of expenses and losses in running the concern, then we are prepared to say what we have often said, that the delinquent mem-

ber is chargeable with his share of such expense and loss. The association must, however, show this satisfactorily. It is enough to condemn the showing made on this behalf in the present case to find that the loss account charged to appellee embraces the amounts which the association has lost by its failure to collect usury off certain of its delinquent members. These alleged losses are not losses proper. The stockholders have simply failed to make certain profits to which they laid claim under usurious and unlawful contracts. These contracts ought not to have been made, and the amount of usury embraced in them is not a loss to the association, save as it is a curtailing of expected profits. The appellee is no more chargeable with this alleged loss than he is chargeable with the usurious amount embraced in his own contract. The plan adopted in this case would seem to be unobjectionable, if the association had followed this course of conducting its business; and it would still seem to be possible of adoption in settlements with delinquent members in going concerns, if, on a full exhibit of the expense and loss account, giving the items in detail, there is found charged to the member no "loss" growing out of usurious contracts; and it further appears that no more is charged to the delinquent than his just share of the expense and loss of the association. The plan adopted, with usury losses excluded, avoids the rather oppressive system of compounding interest monthly as payments are usually made in these associations, and applies every dollar of the member's payments to the extinguishment of his debt and the legal interest thereon, computed at the rate of six per cent. per annum. The only fault in its application to the present case is that so-called usury losses are included in the calculation.

So far as we are able to see from the record before us, the balance due from the appellee to the association, as found by the chancellor, ought not to be increased. Wherefore the judgment dismissing the action is affirmed.