CASE 73—ACTION AGAINST BUILDING ASSOCIATION FOR OVER-PAYMENT—JAN. 5.

107 473
e112 170

# Safety Building and Loan Association, The, v. Montjoy.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. BUILDING AND LOAN ASSOCIATIONS—EXPENSE.—A building and loan association may not by an arbitrary provision of its by-laws fix an amount to be retained out of each monthly payment on stock dues for the expense fund; nor may it appropriate to that fund admission and withdrawal fees; and a member who has paid such sums is entitled to recover them from the company.

2. SAME—FINES.—Such an association may collect from its members fines for the non-payment of dues when they are not excessive and oppressive, and such fines may be carried into the profits of the company.

L. H. JONES FOR APPELLANT.

The borrowers from a building and loan association are stockholders and the rights and liabilities appertaining to them in the capacity of stockholders will not be confounded with those pertaining to them as borrowers. Simpson v. Bldg. Assn., 19 Ky. Law Rep., 1176; Rogers v. Rains, 18 Ky. Law Rep., 768; Henderson Bldg. & L. Assn. v. Johnson, 88 Ky., 197.

HENRY WATSON FOR APPELLEE.

On the right of a building and loan association as to expenses, fines, admission and withdrawal fees: Locknane v. U. S. S. & L. Co., 19 Ky. Law Rep., 1984; Simpson v. Ky. C. B. & L. Assn., 19 Ky. Law Rep., 1176; Watts v. N. B. & L. Assn., 19 Ky. Law Rep., 1007; U. S. S. & L. Co. v Scott, 17 Ky. Law Rep., 1244; S. B. & L. Assn. v. Harris, 17 Ky. Law Rep., 721; Ky. Stats., secs. 2218, 2219.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellee brought suit against appellant, alleging that he had borrowed from the company, in April, 1894, $1,400, executing a note therefor, and a mortgage to secure its

payment, upon a tract of land in Montgomery county, and that in February, 1897, he paid some $1,220 to appellant for executing a · deed releasing the mortgage. Various payments are alleged to have been made by him by way of monthly dues, interest, premiums and fines for failure to pay monthly dues at the appointed time, which, with the sum paid for the release, are averred to have overpaid the debt and legal interest thereon in the sum of $432.69, a judgment for which amount was prayed for as usury.

By the answer it appears that at the time of the loan appellee subscribed for twenty-eight shares of the stock of appellant, which is a building and loan association organized under the general law, and agreed to make payments thereon until the stock should mature, in accordance with the by-laws of the company, in addition to the interest and premium upon the loan.

There is no disagreement as to the amount of money appellee paid to appellant, though there is some difference as to the purpose for which it was paid. Appellee claims that all the money paid by him to the company, no matter for what purpose it was ostensibly paid, should be credited upon his debt as of the date when the payment was made, and the only question is as to the application of these payments.

On behalf of the company it is claimed that the by-laws of the company (which are made a part of the certificate or contract of subscription between appellant and appellee) set apart certain payments made by each subscriber as an expense fund, to be used in paying the operating expenses of the company, the salaries of its officers, etc.; the surplus, if any, to be distributed among the stockholders as profits.

It is claimed that the admission fee of $1 per share, the

withdrawal fee of $3, one-sixth of the monthly dues upon
the stock, and a fine of ten cents per share for failure to
pay the monthly dues on or before the last Saturday in
each month, by the terms of the contract went into the
expense fund.

Appellant also claimed, in an amended answer and coun-
terclaim, that appellee should pay his fair proportion of
the losses incurred, by reason of the decision in Simpson
v. Kentucky Citizens' B. & L. Association, 101 Ky., 496,
[41 S. W., 570], and [42 S. W., 834], such losses being
averred to be usury, which the company was unable to
collect, or had been obliged to refund.

It is ably and plausibly urged on behalf of ap-
pellant that a borrowing stockholder in a building and
loan association occupies a dual capacity, as borrower
and as shareholder; that as borrower he is responsible
for legal interest only upon the amount borrowed, but
that as shareholder he is engaged, with the other share-
holders, in the joint enterprise of maturing the stock of
the association, and for that purpose he is liable for the
payment of the dues upon his stock, which go for the pur-
pose of maturing it, and for the reasonable expenses of
carrying on the business of the organization.

It is urged, therefore, that when the association goes
into liquidation on account of insolvency, the payments
made as dues upon stock are not to be credited upon the
shareholder's debt until there has been an adjustment of
the affairs of the association, as, otherwise, a borrower
might escape bearing his proper share of the expenses
and losses of the corporation. From this it is argued that
upon the withdrawal of a stockholder from a going con-
cern he should be made responsible for his proportionate
part of the losses and expenses of the corporation. And

it is claimed that this is all that is done by the provision in the by-laws for a certain proportion of these payments to be set apart as an expense fund.

The dual relation of the borrowing stockholder has been frequently recognized by this court in Rogers. v. Raines, 18 Ky. L. R., 768, [38 S. W., 483]; the Simpson Case, *supra*; Safety B. & L. Co. v. Ecklar, [50 S. W., 51]; People's Sav's & Building Association v. Denton, Id., 53; and Natl. B. & L. Association v. Bybee, [53 S. W., 670]. In these cases, also, was recognized the liability of the shareholder for his "just share of the expenses and loss of the association" upon a proper showing being made by the company of such loss and expense. But, as held distinctly in the cases of Denton and Bybee, *supra*, losses due to the failure to collect, or refunding of, usury can not be included.

Nor are we able to concede that a provision in the by-laws for the setting apart of a certain proportion of the dues and the entrance and withdrawal fees for an expense fund to carry on the business of the company is nothing more than a compliance by such company with the intimations of this court that, upon proper showing, the stockholder is compellable to respond to his just and fair share of the operating expenses and losses of the company. While he may properly be said to occupy a dual relation to the company, the transaction of subscribing for stock is so intimately connected with the transaction of borrowing from the company as to become, in effect, one transaction, and to permit the company, by an arbitrary provision of its by-laws, to fix the amount to be retained by it for expenses upon a settlement, would be to enable it to collect, under the name of expenses, the usury which, in the Simpson case, we have said it could not collect under the name of "premium."

We therefore see no error in the judgment in so far as it allows the recovery of the admission and withdrawal fees and that portion of the monthly dues set apart by the by-laws for expenses.

But the judgment includes the amount of the fines for nonpayment of dues, which we have held in the Ecklar case may, when not excessive and oppressive, be chargeable against the shareholder, and properly carried into the profits of the corporation.

The judgment is therefore reversed, with directions to set aside the judgment, deduct the amount of the fines, to-wit: $43.40, from the amount thereof, and enter judgment for the remainder, with interest as given by the original judgment.