CASE 105—ACTION TO RECOVER USURY PAID—FEB. 24.

# Cynthiana Building and Loan Association v. Florence, Etc.

### APPEAL FROM HARRISON CIRCUIT COURT.

COMPROMISE.—A good faith compromise entered into between a building and loan association and a borrowing member fixing the amount to be charged the latter for his proportion of the loss and running expenses will be enforced by the courts.

W. T. LAFFERTY FOR THE APPELLANT.

1. As appellees were fully apprised of all their rights in the settlement between them and the appellant at the date of the adjustment November 26, 1897, and being so apprised, agreed to and did compromise the entire matter as set out in the answer, they are estopped to claim anything further arising out of affairs of that transaction relating back to the date of the granting of the loan.

2. The allegation in the answer that the $147 retained by the appellant was not sufficient to pay plaintiff's loss and running expenses incurred by defendant during the period which plaintiffs were members of said association, and said sum of $147 was so held in consideration that defendant would waive all further claim against defendants for their expenses or losses plaintiffs might be liable for, was a good defense.

Citations: 4 Ky. Law Rep., 737; Hughes v. Smith, &c., 7 Ky. Law Rep., 40; Thompson v. Sawyer, Wallace & Co., 12 Ky. Law Rep., 620; Simpson v. Ky. Cit. Bldg. & L. Assn., 19 Ky. Law Rep., 1176; Henderson Bldg. & L. Assn. v. Johnson, 88 Ky., 197.

D. BRADLEY SHAWHAN FOR THE APPELLEES.

Counsel discussed seriatim the questions of law relied on by appellant for reversal and in support of his contention cited: Spencer v. Matthews, 12 Ky. Law Rep., 606; Sherley v. Trabue, 85 Ky., 71; Hemphill's Admr. v. Millmore, &c., 1 Ky. Law Rep., 331; Browning v. Thompson, 13 B. Mon., 387; Henderson Bldg. & L. Assn. v. Zeiler, 11 Ky. Law Rep., 702; Simpson v. Ky. Cit. Bldg. & L. Assn., 19 Ky. Law Rep., 1176; Ky. Stats, secs. 2219, 2517; Civil Code, sec. 119; Bliss on Code Pleading, secs. 210, 212,

SAME COUNSEL FOR APPELLEE IN A PETITION FOR A REHEARING.

Additional citations:   Safety Bldg. & L. Co. v. Ecklar, 20 Ky. Law
    Rep., 1774; Dowell v. Safety Bldg. & L. Co., 21 Ky. Law Rep.,
    1267; Lawson, Rights, Remedies & Prac., vol. 5, sec. 2452;
    People's saving & L. Assn. v. Denton, 21 Ky. Law Rep., 148;
    National Bldg. & L. Assn. v. Bybee, 21 Ky. Law Rep., 1021; Payne
    v. Henderson, 20 Ky. Law Rep., 1739; Safety Bldg. & L. Co.
    v. Montjoy, 21 Ky. Law Rep., 1189.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellees filed this action to recover of appellant $193.74,
alleged usury paid it by them.   They averred in their pe-
tition that they became members of the association, and
subscribed for fifty-eight shares of installment stock, on
April 16, 1895; that they borrowed from it on these fifty-
eight shares of stock $5,800, to secure which they also
executed to it a mortgage on a tract of land; that the loan
was made on condition that they would pay thereon in
monthly dues $34.80, as premium $29, and as interest $29,
making in all (dues, interest and premium) $92.80 a month;
that they made a number of payments on the debt monthly
until December, 1896, and on November 26, 1897, paid ap-
pellant $4,895, which was $193.04 in excess of the balance
then due, at the rate of six per centum per annum, and was
usury.

Appellant filed an answer admitting the execution of the
contract, and the payment of the sums of money set out
in the petition, but alleging that at the time appellees sub-
scribed for their stock, and executed the note and mort-
gage, it was doing business as a building and loan asso-
ciation under the statutes of the State, by which it was
allowed to charge, in addition to interest, a premium on the
use of the money loaned; that appellees, in their contract,
accepted the terms providing for interest and premium
on the loan, and made the payments as agreed until this

court rendered a decision to the effect that the statute was unconstitutional; that they then demanded a settlement with appellant, and demanded credit on the principal of their debt for a sum equal to the amount of premiums, initiation fees, and all fines paid by them, so as to make them bound only for the original debt and six per centum interest; that the additional credit so claimed amounted to $581.50; that appellant denied their right to this credit; that it had sustained loss and paid running expenses; that appellees, as stockholders, should bear such a part of said loss and running expenses. as would make this fall proportionately on each member, and that their part thereof amounted to $193.74, but, to save litigation, a compromise was made, and accepted by both parties, whereby appellees paid it $147, instead of $193.74, and were credited by $434.50, the balance of the credit claimed by them; that said agreement was made through appellees' attorneys, and was a final settlement of the differences between the parties; that it was thoroughly understood; that appellees were apprised of all their rights, and paid the $147 in consideration that appellant would waive all further claim against them for any other expenses or losses, or any other claim or claims of whatever kind.

To this answer the court sustained a demurrer, and, appellant failing to plead further, entered judgment as prayed in the petition.

The action of the court is sought to be sustained on the ground that a compromise of usury is not binding, and that, if usury is paid upon a compromise, it may, under the statute, be recovered by action brought within twelve months thereafter.

We are unable to see that this principle has any application here.  The $147, which is all the answer admits ap-

pellant received over and above the legal interest, was not paid as usury, but as appellees' part of the loss and running expenses, for which appellant had a claim against them as stockholders.

The answer admits the whole $581.50 to have been usurious, and that appellees would have been entitled to credit for the full amount of it, but for its claim upon them for their part of the loss and expenses. There was no compromise of usury. The usury was all admitted. The thing in dispute was how much appellees, as stockholders, were bound to contribute to make up their just part of the loss and running expenses. The parties, to avoid litigation, had a clear right to agree on what this amount was; and a compromise of such a matter, if made, as alleged in the answer, fairly, deliberately and with the advice of counsel, can not be disregarded. By the arrange ment, appellees not only had their note canceled, and the mortgage on the land released, but got rid of all liability as stockholders in the association, and terminated all connection with it, or liability to it or to its creditors thereafter.

The law delights to uphold compromises, because they keep down strife and prevent litigation. The reasons which allow usury paid upon a compromise to be recovered have no application to a compromise made in good faith of other matters not tainted with usury, and for which a legal liability existed.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the answer, and for further proceedings not inconsistent with this opinion.