330 KENTUCKY REPORTS. [Vol. 108

U. S. Building & Loan Association Assignee v. U. S. Building & Loan
Association and Others.

CASE 40—ACTION FOR SETTLEMENT OF AN ASSIGNED ESTATE—APRIL 18.

# U. S. Building & Loan Association Assignee v. U. S. Building & Loan Association and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

ACTION BY THE COLUMBIA FINANCE & TRUST CO., ASSIGNEE OF THE
U. S. BUILDING & LOAN ASSOCIATION AGAINST SAMUEL STOFER AND
OTHERS FOR A SETTLEMENT OF THE ASSIGNED ESTATE. FROM A
JUDGMENT ALLOWING CLAIMS OF L. W. PAUL AND SOPHIA BREHME,
PLAINTIFF APPEALS. AFFIRMED.

LIABILITY OF SHAREHOLDERS FOR EXPENSES AND LOSSES—SET-OFF—ES-
TOPPEL TO PLEAD.

Held: 1. When a building and loan association is sued to recover
usury paid, and fails to plead as a set-off the amount for which
the plaintiff is liable to the association for her proportionate part
of expenses and losses, it, or its assignee for creditors, is not
estopped from asserting such claim, when the judgment for
usury is sought to be enforced.

2. In order to entitle the association to recover against a member,
his proportionate share of the expenses and losses, there must be
a full exhibit of the expense and loss account in detail. No
effort was made here to do this.

CARUTH, CHATTERSON & BLITZ FOR APPELLANT.

1. Obtaining judgment against assignor, after a general assignment,
creates no lien upon the assets in the hands of the assignee.
The assignee not being a party to the action.

2. Such judgments rendered on claims arising out of the relation-
ship of stockholders, does not change the dignity of the claim,
and create no preference against other stockholders.

3. The judgments can do no more in such cases, than fix the amount
of claim to prorate with other stockholders.

4. The lower court erred in decreeing a preference to appellees out
of the assigned estate. Reddick v. U. S. B. & L. Assn., 20 Ky.
Law Rep., 1720; Sumrall v. Col. B. & L. Assn., 20 Ky. Law Rep.,
1801; Ecklar v. Safety B. T., 20 Ky. Law Rep., 1770.

U. S. Building & Loan Association Assignee v. U. S. Building & Loan
Association and Others.

5. The assignee has the right to raise these questions and to make
   these defenses. Lex. Life & Fire v. Page, 17 B. Mon., 412.
6. Settlement, made with stockholders, in which they are allowed
   and paid dividends, when there were no profits, and when insol-
   vent, is a preference, and as such can be questioned by the as-
   signee—and dividends and preferential payments recovered.

CLAYTON B. BLAKEY, ATTORNEY FOR APPELLEES.

1. Appellee is not, and was not a stockholder, at the time she paid
   off her loan, and certainly no such stockholder at the time the
   judgment was entered in this case. Safety Bldg. & Loan Assn.
   v. Ecklar, 20 R., 1774; *In re* West. Bldg. Society, 45 Chancery
   Division, (Eng., 1890), 466.
2. The judgment in this case is binding on the assignee. Ludding-
   ton's Petition, 5 Abb N. C., (N. Y.), 307, 322; Pittsburg v. Ap-
   peal, 3 Grants Cases, Pa., 69; Bridgeford v. Barbour, 80 Ky., 534.

OPINION OF THE COURT BY CHIEF JUSTICE HAZELRIGG—AFFIRM-
ING.

The appellee Paul was the owner of fifteen shares of stock
in the United States Building & Loan Association, and on
October 10, 1892, borrowed from the association the sum
of $1,500, pledging the stock as collateral, and executing
a mortgage on certain real estate to secure the loan. After
making some thirty-four monthly payments, of $15 each, as
interest and premiums, she on July 12, 1895, paid off the
loan, and procured the release of her stock and mortgage
by paying the association the sum of $1,500 in cash. She
then continued to pay the dues on her stock until July
6, 1896, when she withdrew its book value, receiving there-
for the sum of $497.65. It appears that she had paid in
as dues the sum of $425. On July 11, 1896, she brought
suit against the association for usury growing out of the
foregoing transactions, and in November, 1898, recovered
judgment for $284. In the meantime, and before the judg-
ment was obtained, the association had ceased to be a
going concern, by reason of its inability to meet its ob-

ligations to its stockholders, and its affairs had been placed in the hands of an assignee. The assignee brought his suit for a settlement of the trust, and in this suit the appellee Paul has filed her judgment, claiming payment in full. The chancellor so adjudged, and the assignee has appealed.

What defense was interposed in the suit for the usury, we are not informed in this record. We do know, however, that, to the extent that the plaintiff Paul had not been charged with her proportionate share of the expenses and losses of the concern up to the date of her withdrawal, she might have been made liable for in the usury suit, and the claim for usury have been lessened to that extent, or have been defeated entirely if such share were greater than the usury. This liability was a primary and independent liability growing out of the shareholder's relation to the corporation or partnership, and would have been in the nature of a set-off. The association did not have to plead it, or be estopped thereafter from doing so. It might have allowed the suit to proceed to judgment in order to fix the amount due on the usury claim. When the judgment was filed, and payment demanded of the assignee, he might then have asserted a claim for contribution on the part of the stockholder, growing out of her liability for expenses and losses accruing prior to the member's withdrawal. This has not been done with any degree of certainty. In effect, the answer merely says that the association paid out to Paul too much on her stock, under the belief that the concern was solvent and able to continue its buisness. In Association v. Denton (Ky.) 50 S. W. 53., it was held that, to recover against a member on account of his liability for expense and loss,

there must be made a full exhibit of the expense and loss account in detail. No effort was made here to do this. What we have said applies with equal force to the Brehme appeal, heard with the Paul case. The judgments in each case are affirmed.