CASE 14—ACTION TO RECOVER USURY PAID—DEC. 3.

# Cynthiana Bldg. & Sav. Ass'n v. Ecklar.

APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

BUILDING AND LOAN ASSOCIATIONS—CONSIDERATION FOR SETTLEMENT
OF CLAIM FOR USURY PAID—LOSSES FROM RECOVERY OF USURY
PAID NOT CHARGEABLE TO BORROWING MEMBER.

Held: 1. As losses chargeable to a borrowing member do not in-
clude losses from the recovery of usury paid, a release of such
member from any liability on account of such losses does not
constitute a consideration for a settlement of his claim against
the association for usury which he has paid.

2. A settlement of a usurious transaction had between the parties,
while the relation of debtor and creditor existed, upon other
than a full consideration for the usury involved, is void as to
the difference between the actual value of the consideration and
the amount of usury.

LAFFERTY & KING FOR APPELLANT.

In the lower court appellee sued appellant for $260.92, alleged to be due him, as usury paid appellant, on a loan of $1,000 made June 28, 1895. Payments were made on the loan at intervals up to November 14, 1900, when plaintiff applied for a new loan, took credit on the original loan for the payments made, deducted the amount he still owed on the original loan from the sum applied for in the school loan, and was paid the difference in cash. Later on he paid off the last loan and its interest, and seeks to recover usury alleged to be paid on the first loan, viz., $260.92.

When plaintiff applied for the second loan, he signed an agreement in which it is shown that he is advised of all his rights, including his right to claim usury, is advised of the fact of the losses occasioned by the effect of the decision of this court in the Simpson case, in May, 1897, and, while he was a member and stockholder. Being fully advised, and by the reduction of interest to 5 per cent. in the new loan, and relieving him from any obligation as far as said losses were concerned, he abandoned all claim to usury. Such contract was made with the stockholders to avoid financial failure by defendant, and by concert of action on that line failure was avoided. Having signed said contract and accepted the new loan with its new conditions, we contend he is now estopped to lay claim to any part of former payments made, unless by a plea of fraud or mistake.

### AUTHORITIES CITED.

Hughes v. Smith, 7 Ky. Law Rep., 40; Thompson v. Sawyer, Wallace & Co., 12 Ky. Law Rep., 620; Ryan v. Logan County, 21 Ky. Law Rep., 1518; Cynthiana Bldg. & Loan Ass'n v. Florence, 21 Ky. Law Rep., 1403.

SWINFORD & WEBSTER FOR APPELLEE.

It seems from the line of argument of counsel for appellant, that they rely on the fact that the appellee signed the agreement of date November 14, 1900, under which they claim he agreed to claim no usury, and they rely on the case of Cynthiana B. & L. Association v. Florence, 21 Ky. Law Rep., 1403, but we are unable to see how any consolation can be derived from that opinion by appellant. That agreement was a mere shift and device, gotten up by appellant, by which it undertakes to make valid a void and illegal contract.

And, if it were an illegal contract, whereby appellee agreed to pay usurious interest, and in which he did pay usurious interest, and on which he had a right to recover, it would not add anything to appellant's cause to have him enter into another illegal contract whereby he would agree not to claim usury, and especially would this be so when there was no consideration for it.

### AUTHORITIES CITED.

Cynthiana Bldg. & Loan Ass'n v. Florence, 21 Ky. Law Rep., 1404; Gest v. Smith, 78 Ky., 370; Browning v. Thompson, 13 B. Mon., 386; Safety Bldg. & Loan Ass'n v. Mountjoy, 21 Ky. Law Rep., 1191; U. S. Bldg. & Loan Assn.'s Assignee v. Cassidy, 22 Ky. Law Rep., 726; Saturday Night Sav. & Loan Ass'n v. Moore, 22 Ky. Law Rep., 767.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

In 1895 appellee, being a holder of ten shares of the stock of appellant, association, borrowed $1,000 from it, upon which he made payments from time to time, according to the by-laws of the association, which payments, under numerous familiar decisions of this court, included usurious interest. In 1897 this court deciding the case of Simpson v. Association (19 Ky. Law Rep., 1176), (41 S. W., 570), (42 S. W., 834), exactly defined the relations between building and loan associations that were going concerns and their borrowing stockholders. The result of that decision was to declare unconstitutional the Kentucky Statutes allowing such institutions to collect greater than the simple rate of six per cent. per annum interest upon their loans to their members, which was materially different from the general plans upon which they were then being operated. It seems that some confusion and material alteration of plans resulted, and so appellant claims to have had such experience in the conduct of its affairs. Thereafter, in 1900, when many similar concerns had found it necessary to quit business, or, at least, had found it so un-

profitable to continue that they had determined to quit, appellant undertook, it seems, to settle with its stockholders who were borrowers rather than go into a liquidation, with all of its incidental expenses and losses. Thereupon appellant and appellee entered into an agreement, as follows: "Whereas, the Cynthiana Building and Savings Association, a corporation duly incorporated under the laws of the State of Kentucky, with its place of business in Cynthiana, Kentucky, has, by reason of its several years' experience in conducting a business of receiving and lending money under the laws regulating building and loan associations in the State of Kentucky, collected fines, premiums, and a sum for the running expenses of said association in excess of the dues and six per cent. interest, and now having arranged for the loan of its money to its members at a less rate of interest than six per cent, per annum, the undersigned being a member and borrower of said association, and being fully advised as to all his rights and interest in whatever of fines, premiums, and expense fund he may have heretofore paid to said association, and of the fact that said association has heretofore incurred extensive losses by reason of the unconstitutionality of the law under which it was operating: Now, in consideration of the reduction of his loan, and the reduction of the rate of interest as stipulated in the mortgage this day executed to said association, said member and stockholder does hereby waive and relinquish any and all claim or claims to any part or portion of said fines, premiums, and expense fund that he may have paid, and agrees that the same may be applied in full payment and discharge of said member and stockholder's proportion of said losses sustained and running expenses incurred, and he from and after this date is acquit by said association of all liability as a stockholder

in same arising from his connection with it prior to and up to this date, and further agrees that the new debt created on this day, and represented by note and mortgage, shall be in no wise connected with the old debt, and the said old debt is now fully settled, and the new debt to be treated as if no previous transaction had ever existed between said association and the undersigned." Upon this agreement, it is averred, appellant canceled the old debt, loaned appellee a new sum, a part of which went to the extinguishment of the balance ascertained to be due under the settlement of the old debt, and reduced the rate of interest from six to five per cent. per annum. Appellee, having paid off this last-named sum, brought an action within a year thereafter to recover from appellant $260.92 which he says was the amount of usury which had been carried forward from the old contract. This appeal involves the validity of the settlement contained in the writing above quoted, which was denied by the circuit court.

It may be accepted as an uncontrovertible proposition that agreements between a debtor and creditor, while the debt exists, by which the debtor undertakes to waive objections to usurious rate of interest, or obligates himself not to claim the benefits of the statutes against usury, are void. "The law regards the debtor, in executing such a release, as acting under the coercion of the creditor, and yielding to the demand, under the pressure of his condition. If such agreements were recognized as valid, it would take from the statute its entire force and efficacy for the suppression of usury or the protection of borrowers; for the lender would always procure, for some small consideration, a release from the borrower of his right to refuse to pay the usury promised." Browning v. Thompson, 13 B. Mon., 387. In fact it may be stated that any settlement of a

usurious transaction had between the parties, while the relation of debtor and creditor existed, upon other than a full consideration for the usury involved, would be void as to the difference between the actual value of the considera- tion and the amount of usury.   It is claimed that the case of Association v. Florence (21 Ky. Law Rep., 1403), (55 S. W., 207), is conclusive of the case at bar.   That case is dis- tinguishable from this one, however, in the fact that in the Florence case it was not shown of what the loss and run- ning expenses consisted, other than that it amounted to $147.   What we held in that case was, in effect, that where a loss had been sustained, which was such a loss as a bor- rowing stockholder was chargeable with some part of, it was a matter forming the subject of settlement or compro- mise between the parties; that, having themselves fairly settled upon the sum as the shareholder's part of his com- pany's losses with which he was chargeable, it could be set off against his claim of usury against the company.   How- ever, in the case at bar the parties, by the writing exhibited with the answer and copied above, have undertaken to set forth the nature of the losses it sustained, a part of which appellee by the contract in question assumed as a liability upon his part.   These losses are shown to be usurious in- terest collected by the company, which it had been required to repay to its debtors.   No other item of loss is named or suggested in the writing.   In the case of Association v. Denton (21 Ky. Law Rep., 148), (50 S. W., 53), we held that losses embracing the amounts which the association has sustained by its failure to collect usury off of certain of its delinquent members were not such losses as were charge- able to a borrowing member for which he in his other capacity as stockholder must answer to the corporation. It was there said:   "The stockholders have simply failed to

make certain profits to which they laid claim under usurious and unlawful contracts. These contracts ought not to have been made, and the amount of usury embraced in them is not a loss to the association, save as it is a curtailing of expected profits. The appellee is no more chargeable with this alleged loss than he is chargeable with the usurious amount embraced in his own contract." In Association v. Bybee (21 Ky. Law Rep., 1021), (53 S. W., 670), it was held: "It is the contention of appellant that the appellee is bound for her proportional share for the expense of conducting the business. It, however, seems to us that the law is well settled that appellee can not be made to account for losses occasioned by the payment of usurious interest to withdrawing members." In Association v. Montjoy, 107 Ky., 473 (21 Ky. Law Rep., 1189), (54 S. W., 719), the two cases above referred to were approved and followed, the court saying that they "recognized the liability of the shareholder for his 'just share of the expense and loss of the association,' upon a proper showing being made by the company of such loss and expense. But, as held distinctly in the cases of Denton and Bybee, supra, losses due to the failure to collect or refunding of usury can not be included." It may therefore be accepted as a settled proposition in this State that such losses of a going association are not chargeable to the borrowing member, and therefore they could form no legal basis or consideration for a settlement of an admitted claim of usury due him.

It follows that the court below properly rejected the answer pleading the contract of settlement, and its judgment is affirmed.